# EXHIBIT "1"

Docusign Envelope ID: 0FD7EA7F-994C-4F05-90E7-48E04BE78ECD
Filing # 206522871 E-Filed 09/10/2024 09:40:38 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: _____

JOHN MATTARELLA,

    *Plaintiff*

v.

WELLS FARGO BANK, N.A.,

    *Defendant*

_____/

## VERIFIED COMPLAINT

JOHN MATTARELLA hereby files this action against WELLS FARGO BANK, N.A. (hereinafter "WELLS FARGO"), and alleges in like-numbered paragraphs as follows:

### PRELIMINARY STATEMENT

JOHN MATTARELLA brings the following claims of gross negligence and breach of fiduciary duty against WELLS FARGO stemming from WELLS FARGO'S abject failure to flag clearly fraudulent transactions in JOHN MATTARELLA'S accounts resulting in fraudulent withdrawals and damages in excess of $75,000.

### JURISDICTION, PARTIES, AND VENUE

1. JOHN MATTARELLA is a resident of Broward County, Florida. During all material times, JOHN MATTARELLA was conducting and engaging in business with WELLS FARGO while in Broward County, Florida.

2. WELLS FARGO BANK, N.A. is a national banking association doing business in Broward County, Florida.

3. Venue is proper in Broward County, Florida because the parties operate and reside in Broward County, Florida, and the transactions, events, and causes of action accrued in Broward County, Florida.

4. Damages exceed $75,000, exclusive of interest, attorney's fees and costs.

5. All conditions precedent to the filing of this action have occurred or have been performed, waived, satisfied, or excused, and all allegations are based upon information and belief.

## FACTS COMMON TO ALL CLAIMS

### A. The Fraudulent Wire Transfers from the Personal Savings Account and Fraudulent Draw on the Business Line of Credit

6. JOHN MATTARELLA has been banking with WELLS FARGO for more than twenty (20) years.

7. During the entire history of JOHN MATTARELLA'S personal checking and savings account with WELLS FARGO, he never paid a bill or balance of more than $5,000.00.

8. JOHN MATTARELLA has never wired money out of his personal checking and savings account with WELLS FARGO.

9. WELLS FARGO serves as custodian of JOHN MATTARELLA'S personal checking and savings account and owes a fiduciary duty to JOHN MATTARELLA and a duty of care, prudence, good faith, and fair dealing.

10. On July 23, 2024, WELLS FARGO authorized a fraudulent draw on JOHN MATTARELLA'S business line of credit in the amount of $25,000.

Docusign Envelope ID: 6FD7EA7F-994C-4F0D-90E7-46E04BE76EC0

11. WELLS FARGO never notified or confirmed with JOHN MATTARELLA whether the draw on the business line of credit was authorized.

12. On July 24, 2024, WELLS FARGO authorized a fraudulent wire transfer of $25,000 to JP MORGAN CHASE BANK client WILLIE ALEXANDER. *See* **Composite Exhibit "A,"** attached hereto.

13. WELLS FARGO never notified or confirmed with JOHN MATTARELLA whether the wire transfer on July 24, 2024, was authorized.

14. JOHN MATTARELLA has never done business with WILLIE ALEXANDER, has no idea who WILLIE ALEXANDER is, and never authorized any wire transfers out of his personal checking and savings account with WELLS FARGO.

15. On July 25, 2024, WELLS FARGO authorized *two (2) more* fraudulent wire transfers of $25,000 (for a total of $50,000) to JP MORGAN CHASE BANK client WILLIE ALEXANDER. *See* **Composite Exhibit "A,"** attached hereto.

16. WELLS FARGO never notified or confirmed with JOHN MATTARELLA whether the $50,000 in wire transfers on July 25, 2024, were authorized.

17. WELLS FARGO has systems, security measures, and algorithms designed to flag and prevent suspicious activity.

18. WELLS FARGO's systems, security measures, and algorithms did not notify, flag, suspend, prevent, or catch the $25,000 fraudulent draw on the business line of credit, the July 24, 2024, $25,000 wire transfer, or the July 25, 2024, $50,000 wire transfers.

19. Over a period of more than three (3) days, WELLS FARGO never notified or contacted JOHN MATTARELLA to confirm whether the $75,000 in

3

aggregate wired out of JOHN MATTARELLA'S personal checking and savings account with WELLS FARGO was authorized or approved.

20. JOHN MATTARELLA'S monthly spending average in the account never exceeded $4,000.00, yet in July 2024, the spending average was at least ten (10) times the monthly average, and WELLS FARGO failed to flag the activity. *See* **Composite Exhibit "A,"** attached hereto.

21. On July 26, 2024, at 11:31 AM, WELLS FARGO finally called JOHN MATTARELLA and inquired if JOHN MATTARELLA authorized the three (3) wire transfers and the draw on the business line of credit in a total amount of $75,000.

22. JOHN MATTARELLA informed the WELLS FARGO representative via phone that the wire transfers and draw on the business line of credit were not authorized and requested an immediate investigation.

23. Immediately thereafter, also on July 26, 2024, JOHN MATTARELLA went into his local Coconut Creek WELLS FARGO branch and met and spoke with WELLS FARGO banker GEGE GEFFRARD.

24. GEGE GEFFRARD called WELLS FARGO'S fraud department in the branch and told JOHN MATTARELLA – in person – that the $75,000 had been stopped, and that he would receive the $75,000 back in the account within 2-10 business days for a "successful return."

25. GEGE GEFFRARD even wrote "successful return" and "2-10 business days" on the account statement she provided to JOHN MATTARELLA. *See* **Composite Exhibit "A,"** attached hereto.

26. ARAF BARDRUDEEN, the branch manager, also represented to JOHN MATTARRELLA in person on July 26, 2024, that the $75,000 in funds would be successfully returned and that WELLS FARGO successfully stopped the wires and flagged the fraud.

27. Several days later, on or about July 29, 2024, JOHN MATTARELLA followed up with GEGE GEFFRARD with a phone call and GEGE GEFFRARD confirmed that "everything is fine" you will have your money back in the next "seven business days."

28. Two (2) days later, on July 31, 2024, JOHN MATTARELLA received via mail a notification from WELLS FARGO that WELLS FARGO had initiated wire recalls to retrieve the three (3) wire transactions, however WELLS FARGO was informed by CHASE BANK that there was no money left in the account of WILLIA ALEXANDER to return. *See* **Composite Exhibit "A,"** attached hereto.

29. JOHN MATTARELLA then sent several emails to WELLS FARGO banker GEGE GEFFRARD inquiring as to the status of the account and the return of the wire transfers given the recent correspondence.

30. GEGE GEFFRARD then called JOHN MATTARELLA'S ex-wife, who is not a signatory on the account, and informed her that his case was still open, and the funds would be returned.

31. Without warning, WELLS FARGO then cancelled JOHN MATTARELLA Zelle transfer capabilities, causing severe disruption to his business, and then denied JOHN MATTARELLA'S fraud claim and closed the investigation within five (5) days in bad faith without explanation.

32. After the multiple fraudulent transactions occurred, on August 1, 2024, WELLS FARGO sent text message notifications to JOHN MATTARELLA inquiring whether he authorized his rental payment in the amount of $2,948.00, reflecting that their systems and algorithms were operational and able to flag a transaction of less than $3,000 dollars, but not three (3) separate wire transactions in the amount of $75,000.

33. In sum, WELLS FARGO was grossly negligent and breached its fiduciary duties by failing to flag clearly fraudulent, out of the ordinary, wire transactions in amounts that JOHN MATTARELLA never came close to transacting.

34. WELLS FARGO's bankers and branch managers also made false oral representations to JOHN MATTARELLA concerning the status of the account and return of the funds, and breached confidentiality by sharing information with the account with a non-signatory, JOHN MATTARELLA'S ex-wife.

B. **Damages**

35. JOHN MATTARELLA lost $50,000 of his personal savings due to WELLS FARGO'S negligence and breaches of fiduciary duty, which WELLS FARGO refused to return.

36. JOHN MATTARELLA is also indebted to WELLS FARGO an additional $25,000 as a result of the fraudulent draw on his business line of credit, which WELLS FARGO also failed to flag and prevent.

37. Due to WELLS FARGO'S negligence and breaches of fiduciary duty, and their unilateral suspension of his Zelle capabilities, JOHN MATTARELLA lost approximately ten (10) clients as well as profits associated therewith.

38. Due to WELLS FARGO'S negligence and breaches of fiduciary duty, JOHN MATTARELLA was forced to buy two (2) new phones in the amount of $1,800.00 because WELLS FARGO cancelled his Zelle payments that his clients used to pay him associated with his prior phone numbers.

39. Due to WELLS FARGO'S negligence and breaches of fiduciary duty, JOHN MATTARELLA was forced set up new bank accounts, new Zelle payment authorizations, and suffered severe business interruption.

40. The money in JOHN MATTARELLA savings account was for the purpose of buying a new house, and was about to be placed in escrow, but due to WELLS FARGO'S negligence and breach of fiduciary duty, JOHN MATTARELLA was unable to close on the house, lost the house, and instead, was forced to re-lease in his apartment complex causing him to incur rental expenses in excess of $300 per month to his proposed mortgage payment because the fraudulent wire transfers that WELLS FARGO authorized prevented him from closing on the purchase of the home.

41. JOHN MATTARELLA was also forced to go on a payment plan with the IRS due to the draining of his savings account and incur further interest at a rate of 8% (eight percent).

42. Due to WELLS FARGO'S negligence and breaches of fiduciary duty, JOHN MATTARELLA was also forced to go on a payment plan for medical expenses for his daughter.

## COUNT I
## NEGLIGENCE
## JOHN MATTARELLA v. WELLS FARGO

43. JOHN MATTARELLA adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 42 above.

44. WELLS FARGO owed and undertook a duty as custodian to hold JOHN MATTARELLA'S moneys in a savings account.

45. WELLS FARGO grossly breached that duty as well as standard customs and practices of prudent custodians by failing to flag clearly fraudulent, out of the ordinary, wire transactions in amounts that JOHN MATTARELLA never came close to transacting, to parties that JOHN MATTARELLA had no affiliation.

46. WELLS FARGO has systems, security measures, and algorithms designed to flag and prevent suspicious activity.

47. WELLS FARGO's systems, security measures, and algorithms did not notify, flag, suspend, prevent, or catch the $25,000 fraudulent draw on the business line of credit, the July 24, 2024, $25,000 wire transfer, or the July 25, 2024, $50,000 wire transfers.

48. JOHN MATTARELLA has been damaged as a result of WELLS FARGO'S breaches of its duties as custodian.

49. JOHN MATTARELLA's damages were proximately caused by WELLS FARGO'S breaches.

**WHEREFORE,** JOHN MATTARELLA, respectfully requests that this Honorable Court enter judgment against WELLS FARGO BANK, N.A., awarding actual

damages to JOHN MATTARELLA, compensatory damages, lost profits, including reasonable attorney's fees and costs, pre-judgment and post-judgment interest, including any and all other relief the Court deems just and proper given the circumstances, including punitive damages upon leave of Court.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**JOHN MATTARELLA v. WELLS FARGO**

50. JOHN MATTARELLA adopts by reference, as if set out fully and completely re-alleged in this count, paragraphs 1 through 41 above.

51. WELLS FARGO owed and undertook a fiduciary duty as custodian to hold and protect JOHN MATTARELLA'S moneys.

52. WELLS FARGO owed to JOHN MATTARELLA the fiduciary duties of care, prudence, good faith, and fair dealing.

53. WELLS FARGO grossly deviated from standard customs and practices or prudent custodians and breached its fiduciary duties to JOHN MATTARELLA by failing to flag clearly fraudulent, out of the ordinary, wire transactions in amounts that JOHN MATTARELLA never came close to transacting, to parties that JOHN MATTARELLA had no affiliation.

54. WELLS FARGO has systems, security measures, and algorithms designed to flag and prevent suspicious activity in conformity with its fiduciary duties of care and prudence.

55. However, WELLS FARGO failed to take any action to notify, verify, or contact JOHN MATTARELLA to determine whether the fraudulent wire transactions were even authorized prior to approving the transactions.

56. WELLS FARGO further breached its fiduciary duty of good faith and fair dealing by failing to conduct a meaningful investigation, summarily denying the JOHN MATTARELLA'S fraud claim, and thereafter suspending JOHN MATTARELLA'S Zelle access and making false representations to JOHN MATTARELLA through its bankers and branch managers leading him to believe that his money was safe and would be returned.

**WHEREFORE**, JOHN MATTARELLA, respectfully requests that this Honorable Court enter judgment against WELLS FARGO BANK, N.A., awarding actual damages to JOHN MATTARELLA, compensatory damages, lost profits, including reasonable attorney's fees and costs, pre-judgment and post-judgment interest, including any and all other relief the Court deems just and proper given the circumstances, including punitive damages upon leave of Court.

**JURY TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE.**

Dated: September 10, 2024.

                                      Respectfully Submitted,

                                      **WOLFF LAW, P.A.**
                                      *Attorneys for Plaintiff*
                                      801 N. Federal Highway, Suite 212
                                      Hallandale Beach, Florida 33009
                                      Telephone: (941) 284-5686
                                      E-Mail: davidewolfflaw@gmail.com
                                      servicedavidewolfflaw@gmail.com
                                      By:/s/ David E. Wolff
                                        **David E. Wolff, Esq.**

Florida Bar No. 105653

## Verification Pursuant to Fla. Stat. § 95.525

I declare under penalty of perjury that I have reviewed the foregoing *Verified Complaint* and all the factual statements stated therein are true and correct.

*[DocuSigned by: JOHN MATTARELLA]*   9/10/2024

JOHN MATTARELLA

---

11

WOLFF LAW, P.A. – 801 N. Federal Highway, Suite 212 – Hallandale Beach, FL 33009
Ph. (941) 284-5686- davidewolfflaw.com

Docusign Envelope ID: 0FD7EA7F-994C-4F05-90E7-46E04BE76EC0

# COMPOSITE EXHIBIT "A"



Wells Fargo Store Vision Platform — case Number: 2024072606629 — 2-10 business days for successful return — Page 1 of

**Checking/Savings Account History**   5452849838

STATEMENT MAILING NAME: JOHN D MATTARELLA

Show 100 entries      Search: [ ]

Business Line of Credit

(5)

| Date | Description | Image Available | Check Number | Amount | Balance |
|---|---|---|---|---|---|
| 07/25/2024 | WT FED#09137 JPMORGAN CHASE BAN /FTR/BNF=Willie Alexander SRF# OW00004748914905 TRN#240725074562 RFB# OW00004748914905 | No | | 25,000.00 | 7,174.25 (1) |
| 07/25/2024 | WT FED#08666 JPMORGAN CHASE BAN /FTR/BNF=Willie Alexander SRF# OW00004752174741 TRN#240725069220 RFB# OW00004752174741 | No | | 25,000.00 | 32,174.25 (2) |
| 07/25/2024 | WIRE TRANS SVC CHARGE - SEQUENCE: 240725074562 SRF# OW00004748914905 TRN#240725074562 RFB# OW00004748914905 | No | | 25.00 | 57,174.25 |
| 07/25/2024 | WIRE TRANS SVC CHARGE - SEQUENCE: 240725069220 SRF# OW00004752174741 TRN#240725069220 RFB# OW00004752174741 | No | | 25.00 | 57,199.25 |
| 07/24/2024 | ONLINE TRANSFER REF #IB0NYDCNTN FROM BUSINESSLINE LINE OF CREDIT XXXXXXXXXXXX4107 ON 07/24/24 | No | | +25,000.00 | 57,224.25 |
| 07/23/2024 | WT FED#07504 JPMORGAN CHASE BAN /FTR/BNF=Willie Alexander SRF# OW00004746930440 TRN#240723150626 RFB# OW00004746930440 | No | | 25,000.00 | 32,224.25 (3) |
| 7/23/2024 | WIRE TRANS SVC CHARGE - SEQUENCE: 240723150626 SRF# OW00004746930440 TRN#240723150626 RFB# OW00004746930440 | No | | 25.00 | 57,224.25 |
| 2/2024 | ONLINE TRANSFER TO JM POOL & SPA CORP BUSINESS CHECKING XXXXXXXX8381 REF #IB0NXT68KF ON | No | | 900.00 | 57,249.25 |

Handwritten annotation near 07/24/2024 entry: "Transfer back to line of credit"

wellsfargo.com/svp/mod/account/DDA/287/9838/727107036136429

**WELLS FARGO**

Claims Assistance Center
ACH/Check Fraud
MAC D1118-02F
12301 Vance Davis Dr, Floor 02
Charlotte, NC 28269-7699

wellsfargo.com

07/31/2024

JOHN D MATTARELLA
6851 HOLMBERG RD APT 1191
PARKLAND FL 33067-4517



Subject: Resolution of online wire inquiry for Savings account ending 8839
Claim #: 2024072600629

Dear JOHN D MATTARELLA:

We've completed our research of your recent inquiry about three (3) wire transfer requests initiated through online banking totaling $75,000.00 between 07/23/2024 and 07/25/2024.

After reviewing all the information available to us regarding the online wire transactions you are disputing, we have determined that those transactions complied with the governing Security Procedure as defined in your account documentation. Under our Online Access Agreement and Deposit Account Agreement, you are responsible for online wires that comply with the governing Security Procedure, even if you did not initiate them.

As a courtesy, we initiated one or more wire recalls on your behalf to attempt recovery of the funds from the bank(s) that received these wire transfers. Unfortunately, the beneficiary bank responded that there were no funds available to return. As a result, we are unable to reimburse you and have closed your claim.

For more information to help protect against fraud, please visit **wellsfargo.com/privacy-security/fraud**.

If you have questions, please call us at 1-877-548-9230, Monday through Friday, 7:00 a.m. to 12:00 a.m. Eastern Time. For customers with hearing or speech disabilities, we accept telecommunications relay service calls.

Thank you.

Claims Assistance Center/Check Fraud Claims

Civil Law



Claims Assistance Center
Online Fraud Claims
PO Box 5106
Sioux Falls, SD 57117-5106
www.wellsfargo.com



July 31, 2024

JOHN D MATTARELLA
APT 3321
5851 HOLMBERG RD
PARKLAND, FL 33067-4536

Subject: Information about your online fraud claim
Claim #: 290863624

Dear JOHN D MATTARELLA,

We've finished researching your fraud claim regarding the online transfer of $25,000.00 from your account ending in 4107.

We couldn't reverse the online transfer, either because there weren't enough funds in the account or the account has been closed. We were able to reverse any related fees and adjusted interest, as applicable. Your claim is now closed.

You can find more information about protecting your online access and account information by visiting Security Center at www.wellsfargo.com/privacy-security/fraud.

If you have any questions, please call us at 1-866-867-5568, Monday through Friday, 7:00 a.m. to 12 a.m. Eastern Time. We offer language assistance services if you need them.

Thank you for choosing Wells Fargo.

Sincerely,

Claims Assistance Center
Online Fraud Claims

Docusign Envelope ID: 6FD7EA7F-994C-4F63-90E7-46E046E76E00

**WELLS FARGO**

JOHN D MATTARELLA

July 26, 2024

A customized summary of your visit

Convenient access when you need it.
- Approximately 4,700 retail branches and 12,000 ATMs in 36 states and the District of Columbia
- Wells Fargo Online®
wellsfargo.com

You can make an appointment to meet with a banker at wellsfargo.com/appointments

You can also talk to a banker at 1-800-869-3557 24 hours a day, 7 days a week

Thank you for being our customer

### What we discussed with you today

Please refer to the Fee & Information Schedule along with any additional disclosures you may have received today for full details, including any fees, for the products or services you requested today. If you need a copy of these materials, please ask a banker.

**Edit Identification**
Today, we updated your Identification Information that we have on record. If you have any questions, please contact me at the number below.

**Lost/Stolen Transfer - DDA (others too)**
To protect your privacy and security, your account has been closed. If you had any non-Wells Fargo automatic payments tied to this account, please contact each one to make new arrangements.

Banker: GEGE GEFFRARD
Phone: 954/786-6196
Banker Email: gege.geffrard@wellsfargo.com
Manager: ARAF BADRUDEEN
Phone: 954/786-6152
Manager Email: araf.badrudeen@wellsfargo.com
Bank Name: WINSTON PARK
Street: 5321 LYONS RD
City: COCONUT CREEK
State: FL    ZIP/Postal Code:    33073

I confirm I received and agree with the information on Customized Summary.

Customer Name
JOHN D MATTARELLA

Customer Signature

☐ Customer is unable to sign    Date:
07/26/2024

Page 1 of 2
MKT2073 (SVP 9-23)
RSNIP-1122-07832

svp-ai-2.wellsfargo.com



$7,279.00 more than same time in July

**$53,167.39**

3-month spending average (Avg)



